UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SECUNDO WILLIAMS,                    )
                                     )
                  Petitioner,        )
                                     )
        v.                           )        No. 2:24-cv-00022-JPH-MKK
                                     )
WARDEN,                              )
                                     )
                  Respondent.        )

## ORDER FOR PETITIONER TO SHOW CAUSE

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He is currently serving his sentence at the Federal Correctional Institution in Terre Haute, Indiana. He asserts that the Bureau of Prisons ("BOP") is wrongfully denying him time credits toward his sentence. The § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4. For the reasons explained below, it appears that Petitioner is not entitled to relief, and he is ordered to **show cause** why his petition should not be dismissed.

## I.  Legal Standard

The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d

1

989, 993-94 (7th Cir. 2019). An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). But a prisoner has "no constitutional or inherent right" in being released before the completion of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

## II. Discussion

Petitioner filed this § 2241 petition challenging the BOP's failure to apply earned time credits toward his sentence. In support of his habeas petition, Petitioner contends that First Step Act of 2018 ("FSA") entitles him to time credits toward his sentence. Under the FSA, inmates convicted of non-violent offenses may earn credit toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d). Such credits may be applied to early transfer to supervised release or to prerelease custody (such as a halfway house). 18 U.S.C. § 3624(g). Petitioner states that he has been earning FSA time credits toward early release but that the warden has been refusing to apply the credits. Dkt. 1 at 2. He asks the court to force the Bureau of Prisons (BOP) to apply all Earned Time Credit to his Sentence Computation Sheet. Dkt. 1 at 4. For the reasons explained below, the Department of Justice has authority to establish regulations to implement the FSA in the Bureau of Prisons, and the

FSA only establishes that prisoners can earn good-time credits; it does not establish that good-time credits are statutorily required under the circumstances alleged.

### A. First Step Act, PATTERN Scores, and Time Credits

The FSA, enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

As relevant here, the FSA required the Attorney General to develop a "risk and needs assessment system" (referred to in the statute as "the System") to be used by the BOP to, among other things, determine the recidivism risk of all federal prisoners; classify prisoners as being at a minimum, low, medium, or high risk of recidivism; place prisoners in appropriate evidence-based recidivism reduction programs or productive activities so that all prisoners have a meaningful opportunity to reduce their classification; and reassess the recidivism risk of each prisoner periodically. 18 U.S.C. § 3632(a)(1), (3), (4), and (5). In compliance with the Act's mandate to develop "the System," the BOP created and published the "Prisoner Assessment Tool Targeting Estimated Risk and Needs," a risk assessment tool, otherwise known as PATTERN. *See* BOP Program Statement 5410.01: First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), dated November 18, 2022, at Section 5.[1]

---

[1] Available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.

Under the FSA and PATTERN, inmates convicted of non-violent crimes can earn 10 days of FSA time credit for every 30 days of successful participation in qualifying programming and productive activities regardless of their PATTERN recidivism risk score. 18 U.S.C. § 3632(d)(4).  Inmates who receive a minimum or low PATTERN recidivism risk score over two consecutive assessments can also earn an additional five days of time credits (for a total of 15 days) for every 30 days of successful participation in qualifying programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(ii). Thus, a prisoner's PATTERN score may affect the rate at which an inmate earns FSA time credits.

The FSA time credits can be used to obtain prerelease custody or early transfer to supervised release, but only when certain requirements are met.[2] Specifically, to be eligible for prerelease custody or early transfer to supervised release, the inmate must have (1) demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk; and (2) earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A)–(B). For placement in prerelease custody, § 3624(g) also requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or that the Warden specifically approved the

---

[2] The FSA also changed the amount of good time credit that federal prisoners can earn toward their sentences and the ways they can earn such credit. Good time credits or "credit toward service of sentence for satisfactory behavior" provides that a prisoner can earn up to 54 days for each year of the prisoner's sentence imposed by the court. 18 U.S.C. § 3624(b). This good time credit reduces a prisoner's sentence. Mr. Williams's petition does not challenge his good time credits.

placement. 18 U.S.C. § 3624(g)(1)(D)(i). Likewise, for early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment." 18 U.S.C. § 3624(g)(1)(D)(ii). Read together, these statutory provisions mean that no one with a high PATTERN recidivism risk score can use their FSA time credits to obtain placement in prerelease custody or on supervised release, unless the Warden has specifically approved the placement.

The BOP may apply FSA time credits for inmates with a PATTERN score of medium or high when the Warden has made these determinations regarding the inmate: (1) they would not be a danger to society if transferred to prerelease custody or supervised release; (2) they have made a good-faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and (c) they are unlikely to recidivate. 18 U.S.C. § 3624(g)(1)(D).

### B. William's PATTERN recidivism risk score

Petitioner pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). He was sentenced to 40 months' imprisonment. *United States v. Williams,* 4:21-cr-107-HFS(1) (W.D. Missouri).

Petitioner has used the administrative remedy process requesting application of his FSA earned time credits. He attached his requests for administrative remedies and the BOP's responses to his Petition. These exhibits provide the BOP's rationale for declining to apply Petitioner's Earned Time Credits at this time. First, the Petitioner has not "demonstrated a recidivism risk

5

reduction or maintained a minimum or low recidivism risk." 18 U.S.C. § 3624(g)(1)(A)-(B). The BOP considers Petitioner to be a high risk to recidivate based on his PATTERN score. Dkt. 1-1 at 4, 8, 14. Inmates who do not have a minimum or low recidivism risk are not eligible to have credits applied for early transfer to supervised release. *Id.* § 3624(g)(1)(D)(ii). If they can demonstrate a recidivism risk reduction, they may be able to have the credits applied toward prerelease custody, but only if they successfully petition their warden. *Id.* § 3624(g)(1)(D)(i); *see also* BOP Program Statement 5410.01. Thus, the BOP has determined Petitioner is not currently eligible to have his FSA time credits applied to his sentence.

Petitioner disagrees with the BOP's conclusion, but application of FSA time credits are contingent on numerous factors, including PATTERN scores; they are not statutorily mandated. While the Supreme Court has stated that state statute-mandated time credits create a liberty interest, *see Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Id.* The FSA time credit system is executed in accordance with regulations promulgated by the Bureau of Prisons in the Federal Register. *See* FSA Time Credits, 87 Fed. Reg. 2705 (Jan. 19, 2022) (t codified at 28 CFR pts. 523, 541). As the Department of Justice has authority to establish regulations to implement the FSA in the Bureau of Prisons, usage of PATTERN as one of the factors considered in awarding of FSA time credits is reasonable. *See e.g., Parsons v. Pitzer*, 149 F.3d 734, 736 (7th Cir. 1998) (explaining that Congress vested discretionary authority with the BOP to

determine an inmate's eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B)). Thus, no constitutionally protected liberty interest is implicated based on the BOP's PATTERN score calculation and the resulting recidivism risk level that is assessed. Because Petitioner has not shown that the failure to apply his earned time credits toward his sentence violates the FSA, he is not entitled to relief. *Olim*, 461 U.S. at 249.

### III. Conclusion

Accordingly, on or before **May 15, 2024,** Petitioner shall show cause why his § 2241 petition should not be dismissed. **Failure to respond to this Order will result in the dismissal of the habeas petition without further notice. SO ORDERED.**

Date: 4/29/2024

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SECUNDO WILLIAMS
20951-031
TERRE HAUTE – FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

7